UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-3 JOHN BARNES,

    Defendant.

_____/

Case No. 14-cr-20699

HON. JUDITH E. LEVY

**United States' Response Opposing**
**Defendant's Second Motion for Compassionate Release**

    Barnes was an integral part of a conspiracy that was distributing kilogram quantities of heroin into the community. Barnes was sentenced to 60 months imprisonment and began serving his sentence on May 20, 2019. After serving only 18 months, Barnes moves a second time for compassionate release under 18 U.S.C. § 3582(c)(1)(A). His motion should be denied.

    Despite the passage of time since his first motion, Barnes still does not does not qualify for compassionate release. As was the case with his first motion, Barnes still has not satisfied the mandatory exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A). Therefore, the Court is barred from addressing his argument on the merits. *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Barnes also does not satisfy the substantive requirements for compassionate release. While Barnes'

1

claims he has an enlarged heart, there is no evidence in the Bureau of Prison (BOP) medical records to support this.

Barnes, who is 51 years old, began serving his sentence on May 20, 2019. His projected release date is August 21, 2023. As he did in his first motion, Barnes claims that he was diagnosed with an enlarged heart. However, despite being requested to do so by the BOP, Barnes has provided no documentation of this. Nevertheless, Barnes has again moved for compassionate release, citing his medical condition and the Covid-19 pandemic. Despite having the opportunity to do so, Barnes has also not exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). This Court should not consider his request until he has done so.

## Argument

**I.     The Court should deny Barnes' motion for compassionate release.**

Barnes' motion for compassionate release should be denied. As was the case when Barnes filed his first motion, a district court has "no inherent authority . . . to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Rather, a district court's authority to modify a defendant's sentence is "narrowly circumscribed." *United States v. Houston*, 529 F.3d 743, 753 n.2 (6th Cir. 2008). Absent a specific statutory exception, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).

Those statutory exceptions are narrow. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Compassionate release under 18 U.S.C. § 3582(c)(1)(A) is equally narrow.

> **A.      Binding authority prohibits the Court from granting release, because Barnes still has not satisfied the statutory exhaustion requirement.**

Compassionate release *still* requires exhaustion. If a defendant moves for compassionate release, the district court may not act on the motion unless the defendant files it "after" either completing the administrative process within the Bureau of Prisons or waiting 30 days from when the warden at his facility received his request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). And as the Sixth Circuit has held, this statutory exhaustion requirement is mandatory. *Alam*, 960 F.3d at 832–36. Also, "nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exception" to the exhaustion requirtement. *Alam*, 960 F.3d at 834.

Just as he failed to do before filing his first motion for compassionate release, Barnes did not comply with § 3582(c)(1)(A)'s mandatory exhaustion requirement. Despite filing two separate motions for compassionate release, Barnes has yet to make a single request administrative request for release to the BOP. In fact, in his first motion, Barnes took the position that exhaustion was not

mandatory. (ECF No. 87, PageID.395-406). In his second motion, Barnes ignored the exhaustion requirement completely. (ECF No. 96, PageID.529-531).

The government recognizes that this Court previously held that § 3582(c)(1)(A)'s exhaustion requirement can be excused in some circumstances during the Covid-19 pandemic. In *United States v. Agomuoh,* 461 F.Supp.3d 625 (E.D. Mich. 2020), this Court held that "[f]orcing Defendant to wait 30 days to bring his claim would cause him undue prejudice because his conditions of confinement render him unreasonably likely to contract Covid-19, and because his age, diabetes, and heart conditions render him unreasonably likely to face a dire outcome should he contract the disease." *Id.* at 634.

However, in waiving the exhaustion requirement, the dire circumstances the Court found to have existed in *Agomuoh* are not present here. Agomuoh was 69 years old and suffered "from hyperlipidemia, hypertensive heart disease, without failure, atherosclerotic heart disease, diabetes, and bilateral osteoarthritis." *Id.* at 627. Barnes, who is only 51 years old, claims that his doctor diagnosed him with an enlarged heart. Barnes also made the same claim in his first motion. (ECF No. 87, PageID.395). However, just as he failed to do in his first motion, Barnes has offered no evidence that he has an enlarged heart and his BOP records do not support his assertion.

Furthermore, unlike Mr. Agomuoh, Barnes has had plenty of time to seek compassionate release from the warden at FCI McKean – he simply chose not to. Barnes had at a minimum, over seven months to apply for compassionate release from the BOP. In fact, on April 15, 2020, Barnes emailed Barbara Lechein, a Case Management Coordinator at FCI McKean and advised her he was requesting her assistance in receiving compassionate release. Of note, in his email to Ms. Lechein, Barnes mentioned having a history of cancer but did not mention having an enlarged heart. (Exhibit A, April 15, 2020 email). Ms. Lechein responded the same day and advised Barnes that he needed to complete an application for compassionate release and she advised him how to obtain an application. *Id.* Instead of following those instructions and submitting an application on April 15, Barnes decided not to and instead, 28 days later, on May 13, filed his first motion seeking compassionate release. (ECF No. 87, PageID.394-416).

In the last six months, Barnes easily could have submitted a compassionate release request to the BOP. However, instead of allowing the BOP the opportunity to gather his medical documentation and other records, evaluate his request, and decide in the first instance whether it justified either compassionate release or some other form of relief, Barnes simply chose to skip this required step, despite having ample time to complete it. The Court must dismiss Barnes's motion,

because he still has not satisfied the exhaustion requirement for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

### B. Barnes is not eligible for compassionate release under the mandatory criteria in USSG § 1B1.13.

Even if Barnes had exhausted his administrative remedies, compassionate release would be improper. Section 1B1.13 limits compassionate release to a narrow group of non-dangerous defendants who are most in need. That policy statement limits "extraordinary and compelling reasons" to four categories: (1) the inmate's medical condition; (2) the inmate's age; (3) the inmate's family circumstances; and (4) other reasons "[a]s determined by the Director of the Bureau of Prisons," which the Bureau of Prisons has set forth in [Program Statement 5050.50](). USSG § 1B1.13 cmt. n.1.

Barnes' age and medical condition do not satisfy the requirements for release in USSG § 1B1.13 cmt. n.1, even when considered in combination with the Covid-19 pandemic. As he did in his first motion, Barnes' claims he has an enlarged heart. However, Barnes has not submitted any documentation verifying this claim. Furthermore, Barnes' BOP medical records do not support Barnes' claim. In fact, the only mention of an enlarged heart in Barnes' BOP records is contained in an entry for July, 1, 2020, which reads "Pt. presents saying he has an enlarged heart." This is the *only* mention of an enlarged heart in *all* of Barnes BOP

medical records. (Exhibit B, 2020 BOP Medical Records; Exhibit C, 2019 BOP Medical Records).The record from July 1, 2020 further reads:

> "He states that he had tests before incarcerated. He needs to get his records so we have this information. Pt. will send information via email to medical records."
> (Exhibit B, 2020 BOP Medical Records).

As his BOP medical records demonstrate, BOP medical personnel have not diagnosed Barnes with an enlarged heart. Furthermore, despite making this claim in both of his compassionate release motions, despite being advised by BOP medical personnel that he needed to supply BOP with these records, and despite apparently advising BOP medical personnel that he would have his medical records emailed to the BOP, Barnes has failed to provide any evidence or documentation to the BOP or to this Court verifying that he was previously diagnosed with an enlarged heart. As a result, Barnes has not demonstrated that he has a medical condition that could justify compassionate release.[1]

---

[1] While the government recognizes that the Court has previously ruled that it gives little to no weight to the assertion that a facility where a defendant is being housed has no or a low number of Covid-19 cases unless that facility has also conducted expansive testing, the government feels it is important to correct factual assertions advanced by Barnes to support his request for compassionate release. In his first motion, Barnes claimed "there are inmates dying at FCI McKean daily from Covid-19." (ECF No. 87, PageID.409). In the current motion, Barnes argues that "the rise of inmates that have become infected by the Covid-19 virus…at the Federal Correctional Institution McKean" supports his release. In fact, currently there is only one inmate at McKean FCI that is positive for Covid-19 and there have been no inmate deaths at McKean FCI since the pandemic began. https://www.bop.gov/coronavirus/.

Barnes has not demonstrated that he has an enlarged heart, nor has he demonstrated that he has a medical condition that qualifies as an extraordinary and compelling reason to justify compassionate release. Should Barnes at some point provide any evidence or documentation that he does have an enlarged heart, the government is requesting copies of any such evidence or documentation so it can respond accordingly.

**II.     If the Court were to grant Barnes's motion, it should order a 14-day quarantine before release.**

If the Court were inclined to grant Barnes's motion despite the government's arguments above, the Court should order that he be subjected to a 14-day quarantine before release.

## Conclusion

Barnes' motion should be denied.

Respectfully submitted,

MATTHEW SCHNEIDER
UNITED STATES ATTORNEY

*/s/ Mark Bilkovic*
Mark Bilkovic (P48855)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9623
Mark.bilkovic@usdoj.gov

November 16, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2020 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Steven E. Scharg
Scharg1924@gmail.com

I also hereby certify that in accordance with the government's protocol during the Covid-19 pandemic, a copy of the foregoing will either be mailed to an attorney for the BOP for delivery to the following non-ECF participant, or mailed on the next allowed admittance to the government's office (to conduct outbound mailings) to the following non-ECF participant:

John Barnes
Reg: 55316-039
MCKEAN FCI
Inmate Mail/Parcels
P.O. BOX 8000
BRADFORD, PA 16701

/s/ Mark Bilkovic
Mark Bilkovic (P48855)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9623